PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN HERNÁNDEZ LAUREANO, Defendant and Appellant.

No. 7458. Argued March 6, 1939.—Decided March 15, 1939.

The defendant did not appear. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Ramón Hernández Laureano was sentenced by the District Court of San Juan to twenty years in prison for rape.

He appealed to this court, and the record was filed in the office of the clerk on November 4, 1938. The term for filing his brief expired and he did not present it. On January 31, 1939, the case was set for hearing on the following March 6. Upon being called on that day, he did not appear, wherefore the prosecuting attorney argued the motion filed three days before, which reads as follows:

"1. That this Hon. Court has set the 6th of this month of March for the hearing of the dismissal of the appeal filed by the appellant.

"2. That after the date for the hearing was set by this Court, the defendant appellant filed a petition for a writ of habeas corpus, alleging that he was illegally imprisoned on the grounds set forth in the petition.

"3. That having heard the petition for a writ of habeas corpus, the same was issued by this Court on the 20th of February last, ordering the immediate release of the defendant, which order was complied with by the warden of the District Jail of San Juan, under whose custody the defendant was.

"4. That, therefore, there is nothing pending against the defendant in this case, that can be heard by this court, and hence, in the opinion of the undersigned prosecuting attorney, the date set for the hearing of the dismissal of the appeal should be set aside, as well as the dismissal, and this Court should order the case filed away; and we so request it most respectfully."

When the clerk read the agenda, he mentioned the fact that the notice of appeal had not been served on the district attorney. After having examined the record we found that since the notice of appeal was served by mail, the statute was not complied with, but as the district attorney accepts the service, inasmuch as he appeared and moved that the case be filed away, we think that we have jurisdiction to dispose of the case as we see fit.

What was set for March 6 was not the dismissal of the appeal, but the hearing on its merits. It is clear that in the hearing, if grounds exist therefor, the dismissal may be prayed for and should be ordered, but the truth is that a dismissal was never prayed for in this case.

Should the case be filed away? It should not, in our opinion. What should be done is to reverse the judgment appealed from because the same was rendered without jurisdiction, as was held in the habeas corpus referred to by the prosecuting attorney—*Ex parte Ramón G. Hernández Laureano,* ante p. ____—and the case remanded to the district court for further proceedings according to law.